**AFFIRM as Modified;Opinion Filed May 6, 2014.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00610-CR**
**No. 05-13-00611-CR**
**No. 05-13-00612-CR**

## DOMINIQUE TRAVUN THORNTON, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F12-55959-U, F12-55960-U, and F12-55961-U

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

A jury found Dominique Travun Thornton guilty of three counts of aggravated robbery. The jury assessed punishment at twenty years' confinement in one case, and twenty-five years' confinement in each of the other two cases. In two issues, Thornton argues the evidence is legally insufficient to support the verdicts and that the trial court lacked jurisdiction because the case was improperly transferred to the trial court's docket. In a cross-point, the State argues the judgment in one case should be modified to match the sentence orally pronounced at trial.

The background of the cases and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's judgment in cause number F12-55959-U to match the sentence orally pronounced at trial,

and affirm the judgment as modified. We affirm the trial court's judgments in the other two cases.

Allie Steele, Nathan Steele, and Kelly Steele were returning home on a dirt path that connects to the Katy Trail around 1:00 a.m. Two men approached the group from behind. One of the men pushed Allie to the ground and grabbed her purse while the other man held a gun. Allie's leg was scratched and bruised as a result. Kelly testified that one of the men stood in front of her during the robbery, pointing a gun at her head, and she was afraid he would shoot her or her family. Allie was afraid for herself and her family and afraid the men would use the gun. Nathan testified he chased the men after they took Allie's purse, but stopped when Allie and Kelly shouted that the men had a gun. Nathan was afraid and did not want to be shot.

A witness at a nearby apartment testified that, shortly after the robbery occurred, he saw two men scale a fence and run past the apartment. A gardener at the apartments found a wallet near the fence of the property the morning after the incident and a housekeeper found a purse on the patio of an apartment. Allie identified the wallet and purse as her belongings. Officer Stephen Cleary obtained fingerprints from the wallet and purse. A fingerprint examiner with the Dallas Police Department testified the fingerprints matched Thornton's prints.

The morning after the robbery, a jogger on the Katy Trail was robbed at gunpoint by Thornton and an accomplice. The jogger identified Thornton as the man holding the gun when he was robbed.

Thornton first argues the evidence is insufficient to convict him for the aggravated robberies of Allie, Kelly, and Nathan.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly or recklessly causes bodily injury to another, or he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02(a) (West 2011). A person

–2–

commits aggravated robbery if the he commits robbery and uses or exhibits a deadly weapon. *See id.* § 29.03(a)(2). A firearm is a deadly weapon. *Id.* § 1.07(a)(17)(A) (West Supp. 2013). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1). "Use" includes utilizing a gun during flight from a felony. *Coleman v. State*, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004) ("To 'use' a deadly weapon typically means to utilize, employ or apply in order to achieve an intended result, the commission of a felony or during immediate flight therefrom, 'use' could also mean '*any* employment of a deadly weapon, even simple possession, if such possession facilitates the associated felony.'" (quoting *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989))). The word "exhibit" requires a weapon be "consciously shown, displayed, or presented to be viewed." *Id.*(quoting *Patterson*, 769 S.W.2d at 941).

Under the law of the parties, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *See* TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See id.* § 7.02(a)(2).

We review the evidence under the legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We

–3–

measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

Thornton argues there is no evidence Allie saw the gun when her purse was taken, the men took the property of Nathan or Kelly, or that Nathan feared imminent bodily injury or death.

The record contains evidence that the men used or exhibited a gun in the course of taking Allie's purse. The definition of "in the course of committing theft" includes conduct that occurs during immediate flight. TEX. PENAL CODE ANN. § 29.01(1). Allie testified she told Nathan, her husband, not to chase the men because they carried a gun. Kelly testified she froze when one of the men pointed the gun at her head. *See Boston v. State*, 373 S.W.3d 832, 838 (Tex. App.— Austin 2012) ("It is the *use or exhibition* of a deadly weapon—not its perception by the victim— that is the aggravating element of aggravated robbery with a deadly weapon."), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013). A rational jury could find the men used or exhibited the gun to facilitate taking Allie's purse by deterring her companions from intervening and allowing the men to flee.

The record also supports a conviction for the aggravated robberies of Kelly and Nathan. To prove aggravated robbery, the State is not required to show that Kelly or Nathan's property was taken. Proof of a completed theft is not required to establish robbery. *See* TEX. PENAL CODE ANN. § 29.01(1) (conduct occurring during attempt to commit theft satisfies "in the course of committing theft" element of robbery); *Wolfe v. State*, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996). Nor is it necessary that the victim of the theft or attempted theft be the same as the victim of the robbery. *White v. State*, 671 S.W.2d 40, 41–42 (Tex. Crim. App. 1984); *see Ex parte Hawkins*, 6 S.W.3d 554, 560–61 (Tex. Crim. App. 1999) (robbery is assaultive offense rather than a form of theft and unit of prosecution is each victim where defendant assaulted two victims in the course of committing a single theft).

Kelly testified one of the men held a gun to her head as the other took Allie's purse, and that she was afraid the men would hurt her, Allie, or Nathan. Nathan testified he stopped chasing the men as they fled because Allie and Kelly alerted him of the gun. Nathan also testified he was afraid and did not want to be shot. From this testimony, a rational jury could find that Thornton in the course of committing a theft of Allie and with intent to maintain control of the property, intentionally or knowingly threatened Kelly and Nathan or placed them in fear of imminent bodily injury or death.

Considering all the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found Thornton guilty of the offenses beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Thus, we overrule Thornton's first issue.

Thornton next argues the trial court lacked jurisdiction because the cases were not properly transferred to its docket. The 204th Judicial District Court impaneled a grand jury, which returned the indictments. The indictments were then filed in the 291st District Court and the cases tried to a verdict. Thornton argues the judgments are void because the record does not contain a transfer order transferring the cases from the 204th Judicial District Court to the 291st Judicial District Court.

A court that impanels a grand jury is not necessarily assigned to hear all cases returned by the grand jury. *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). One court may impanel a grand jury, and if an indictment is presented, the case may be filed in another court of competent jurisdiction. *Id.* When two courts have concurrent jurisdiction, article 4.16 of the code of criminal procedure states that jurisdiction is in the court where the indictment was filed first. *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 4.16 (West 2005)). The record indicates the indictments were originally filed in the 291st Judicial District Court and there is no indication the

cases were filed in the 204th Judicial District Court at any time. Therefore, the 291st Judicial District Court had jurisdiction and a transfer order was not required. We overrule Thornton's second issue.

In a cross-point, the State argues the written judgment in one of the three cases differs from what the trial court orally pronounced. The record shows the trial judge, based on the jury's verdict, announced a sentence of twenty years' confinement in cause number F12-55959-U; however, the written judgment shows a sentence of twenty-five years' confinement. When the oral pronouncement of a sentence and the written memorialization of the sentence differ, the oral pronouncement controls. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). A court of appeals may modify a trial court's judgment and affirm it as modified when the written judgment differs from what was orally pronounced. *See* TEX. R. APP. P. 43.2(b); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). We sustain the State's cross-point.

We modify the judgment in cause number F12-55959-U to reflect a sentence of twenty years' confinement. As modified, we affirm the trial court's judgment in cause number F12-55959-U. We affirm the trial court's judgment in cause numbers F12-55960-U and F12-55961-U.


/Jim Moseley/
_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130610F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINIQUE TRAVUN THORNTON,
Appellant

No. 05-13-00610-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-55959-U.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Punishment and Place of Confinement is modified to read: 20 YEARS INSTITUTIONAL DIVISION, TDCJ

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2014.

/Jim Moseley/
_____
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

DOMINIQUE TRAVUN THORNTON, Appellant

No. 05-13-00611-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-55960-U.
Opinion delivered by Justice Moseley. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of May, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINIQUE TRAVUN THORNTON, Appellant

No. 05-13-00612-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-55961-U.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of May, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE