**Affirmed as Modified; Opinion Filed September 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01467-CR
No. 05-15-01468-CR

**RONNIE BARNETT BRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-62236-W, F13-62237-W**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Ronnie Barnett Bright appeals his convictions for evading arrest and aggravated assault. In two issues, appellant contends the trial court abused its discretion in setting a sentence in the evading case, and it lacked jurisdiction to hear the aggravated assault case and render judgment. We modify the trial court's judgments and affirm as modified.

Appellant waived a jury and pleaded guilty to evading arrest or detention while using a motor vehicle and aggravated assault with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 38.04(a) (West 2011 & Supp. 2015). After finding appellant guilty, the trial court assessed punishment at five years' imprisonment in each case.

In his first issue, appellant contends the trial court abused its discretion in setting a sentence in the evading case because there was no evidence upon which to base the five-year

sentence. The State responds that appellant failed to preserve the issue for appellate review and alternatively, the sentence is supported by the evidence.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, nor did he raise this issue in his motion for new trial. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence will not be disturbed on appeal if it is within its statutory range of punishment). Evading arrest while using a motor vehicle is a third-degree felony offense punishable by imprisonment for two to ten years and an optional fine up to $10,000. *See* TEX. PENAL CODE ANN. §§ 12.34, 38.04(b)(2) (West 2011 & Supp. 2015). Appellant's five-year sentence is within the statutory range. We overrule appellant's first issue.

In his second issue, appellant contends the trial court did not have jurisdiction to hear the aggravated assault case and render judgment because the case was not transferred to its docket. The State responds that the trial court properly exercised jurisdiction to hear the case.

This Court has considered and rejected this issue on numerous occasions and we do so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).[1]

---

[1] We have cited *Bourque* forty-two times rejecting the argument raised by appellant. We have explained that under the government code multiple district courts in a single county may adopt rules of administration and the district judges in Dallas County with criminal jurisdiction have done so requiring the assignment of newly filed cases "on a rotating basis among the district courts." RULES OF ADMINISTRATION FOR

The 363rd Judicial District Court had jurisdiction to hear appellant's case and render the judgment. We overrule appellant's second issue.

We note errors in the trial court's judgments that show there were plea bargain agreements in these cases. The record shows appellant entered an open plea of guilty to the charges in each indictment. The judgments, however, incorrectly state terms of plea bargain as "5 years TDCJ No Fine." Accordingly, we modify the section of the judgments entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151467F.U05

---

DALLAS CRIMINAL DISTRICT COURTS AND DISTRICT COURTS GIVING PREFERENCE TO CRIMINAL CASES PURSUANT TO TEXAS GOVERNMENT CODE SECTION 74.093 1.1 (Jan. 12, 2012); TEX. GOV'T CODE ANN. § 74.093 (West Supp. 2015) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases); *see e.g. Bourque*, 156 S.W.3d at 678; *Halton v. State*, 05-14-00640-CR, 2015 WL 3991827, at *13 (Tex. App.—Dallas July 1, 2015, no pet.). Also, the constitutional provision authorizing district judges to act for one another does not require a written order. *See* TEX. CONST. art. V., § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE BARNETT BRIGHT, Appellant

No. 05-15-01467-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-62236-W.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 29th day of September, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RONNIE BARNETT BRIGHT, Appellant

No. 05-15-01468-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-62237-W.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 29th day of September, 2016.