**Affirmed as Modified and Opinion Filed November 30, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00996-CR
No. 05-15-01000-CR

**GREGORY ACHILIKE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-60832-Q, F14-60833-Q**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Brown
Opinion by Chief Justice Wright

Gregory Achilike appeals two convictions for aggravated assault with a deadly weapon. In two issues, appellant contends the trial court abused its discretion in sentencing him to prison and the trial court lacked jurisdiction to hear the cases and render judgment. We modify the trial court's judgment in one case and affirm both judgments.

BACKGROUND

Appellant waived a jury and pleaded guilty to two aggravated assault with a deadly weapon offenses. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). During the sentencing phase of the proceedings, appellant testified he is a certified public accountant (CPA), has a wife and five children, and owns several businesses, including a gas station, a grocery store, a barbershop, and a CPA practice. Appellant testified that on the day of the offense, one of his

regular customers told appellant that the complainants, Alisha Smith and her twin brother Alandre Smith, had stolen items from appellant's store. Appellant retrieved an unloaded gun from his store, drove to a nearby bus stop where the complainants were, and confronted them. Appellant testified he never threatened the complainants; he had the gun in his hand only because it fell out of its holster when he "jumped out" of his car and had picked it up. Appellant testified that after Alisha said neither she nor her brother had been in his store, she turned her bag upside down and shook it. Appellant did not see any items from his store. Appellant told Alisha that he had made a mistake, then he drove back to his store. Appellant further testified the security guard at his store told him the gun was not operational, and appellant did not put any bullets in the gun. Appellant testified he was not aware that police officers test-fired the gun and it was operational. After finding appellant guilty, the trial court assessed punishment at four years' imprisonment in each case.

## ABUSE OF DISCRETION

In his first issue, appellant contends the trial court abused its discretion in  sentencing him to imprisonment because that sentencing decision was "outside the zone of reasonable disagreement." Appellant asserts that because he is a productive business owner in the community and merely mistakenly assumed the complainants had stolen items from his store, the trial court should have given him probation.

Although appellant did not object when he was sentenced, he complained about the sentence in a timely filed amended motion for new trial on sentencing. *See* TEX. R. APP. P. 33.1(a)(1). Thus, he has preserved this issue for appellate review. As long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *See Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated assault with a deadly weapon is a second-degree felony offense punishable by imprisonment for two to twenty years and an optional fine up to

$10,000. *See* TEX. PENAL CODE ANN. §§ 12.33, 22.02(b). Appellant's four-year sentences are within the statutory range.

We conclude the trial court did not abuse its discretion in assessing the sentences. *See Jackson*, 680 S.W.2d at 814. We overrule appellant's first issue.

## TRANSFER ORDER

In his second issue, appellant contends the trial court did not have jurisdiction to hear these cases and render the judgments because the cases were not transferred to its docket. This Court has considered and rejected this issue on numerous occasions, and we do so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).[1] The 204th District Court had jurisdiction to hear appellant's cases and render the judgments. We overrule appellant's second issue.

## MODIFY JUDGMENT

We note the trial court's judgment in cause no. 05-15-01000-CR incorrectly recites appellant's name as "Gregory Achilkie." Accordingly, we modify the judgment to show the correct spelling of appellant's name as "Gregory Achilike." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

---

[1] We have cited *Bourque* forty-two times rejecting arguments similar to the one raised by appellant. We have explained that, under the government code, multiple district courts in a single county may adopt rules of administration and the district judges in Dallas County with criminal jurisdiction have done so requiring the assignment of newly filed cases "on a rotating basis among the district courts." RULES OF ADMINISTRATION FOR DALLAS CRIMINAL DISTRICT COURTS AND DISTRICT COURTS GIVING PREFERENCE TO CRIMINAL CASES PURSUANT TO TEXAS GOVERNMENT CODE SECTION 74.093 1.1 (Jan. 12, 2012); TEX. GOV'T CODE ANN. § 74.093 (West Supp. 2016) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases); *see e.g. Bourque*, 156 S.W.3d at 678; *Halton v. State*, 05-14-00640-CR, 2015 WL 3991827, at *13 (Tex. App.—Dallas July 1, 2015, no pet.) (mem. op., not designated for publication). Also, the constitutional provision authorizing district judges to act for one another does not require a written order. *See* TEX. CONST. art. V., § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law.").

CONCLUSION

In cause no. 05-15-00996-CR, we affirm the trial court's judgment. In cause no. 05-15-01000-CR, we affirm the trial court's judgment as modified.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150996F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY ACHILIKE, Appellant

No. 05-15-00996-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-60832-Q.
Opinion delivered by Chief Justice Wright.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 30, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY ACHILIKE, Appellant

No. 05-15-01000-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-60833-Q.
Opinion delivered by Chief Justice Wright.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The title section "Gregory Achilkie" is modified to show "Gregory Achilike."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 30, 2016.