Armand Paul BOURQUE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–04–00006–CR, 05–04–00041–CR.

Court of Appeals of Texas,
Dallas.

Feb. 14, 2005.

Mark Heidenheimer, Mark Heidenheimer, P.L.L.C., McKinney, for Appellant.

John R. Roach, Collin County District Attorney, Emily M. Johnson–Liu, McKinney, for State.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

Armand Paul Bourque appeals his convictions for aggravated assault (cause number 05–04–00006–CR), aggravated sexual assault of a child, and indecency with a child (cause number 05–04–00041–CR). After the jury found appellant guilty, the trial judge assessed punishment at twenty years' confinement, life confinement, and twenty years' confinement, respectively. In addition, the jury made an affirmative finding that he used or exhibited a deadly weapon during commission of the aggravated assault. In both appeals, appellant claims he received ineffective assistance of counsel at trial. In the appeal of the aggravated sexual assault and indecency convictions, he also contends the trial judge erred in overruling his objection to hearsay. We affirm the trial court's judgments.

### FACTUAL & PROCEDURAL HISTORY

A grand jury, impaneled by the 380th Judicial District Court in Collin County, indicted appellant on October 10, 2002 for aggravated assault, aggravated sexual assault, and indecency with a child. The victim in all three cases, A.B., is appellant's daughter. The cases were originally assigned to the 219th Judicial District Court but later transferred pursuant to formal transfer orders to the 416th Judicial District Court. Following a four-day trial, the jury found appellant guilty of all three offenses. These appeals followed.

### HEARSAY

In cause number 05–04–00041–CR, appellant claims the trial judge erred in overruling his objection to hearsay testimony. Under this argument, appellant contends the testimony of Joseph Sacco, a licensed professional counselor and therapist, was not admissible as a hearsay exception under evidentiary rule 803(4). *See* TEX.R. EVID. 803(4). Appellant argues the "improper admission of this hearsay testimony constitutes harm" and that we must therefore reverse his conviction and remand for new trial.

We conclude we need not address whether Sacco's testimony qualified as an exception to the hearsay rule because, even assuming it did not and the trial judge erred in overruling appellant's objection, the record fails to demonstrate

that this error requires reversal. Texas Rule of Appellate Procedure 44.2(b) provides that we "must disregard a non-constitutional error that does not affect a criminal defendant's 'substantial rights.'" *Garcia v. State,* 126 S.W.3d 921, 927 (Tex. Crim.App.2004); *see* TEX.R.APP. P. 44.2(b). Under rule 44.2(b), we may not reverse for nonconstitutional error if, after examining the record as a whole, we have fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Garcia,* 126 S.W.3d at 927 (citing *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998) and *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997)); *Jones v. State,* 111 S.W.3d 600, 604–05 (Tex.App.-Dallas 2003, pet. ref'd).

After examining the entire record of appellant's trial, we have fair assurance that the error, if any, did not have a "substantial and injurious effect or influence in determining the jury's verdict at the punishment phase." *See Garcia,* 126 S.W.3d at 927. We base this conclusion on the considerable amount of evidence presented during trial that was substantially similar to Sacco's, specifically A.B.'s explicit and detailed testimony of her father's sexual abuse over a period of five years. Because the improper admission of evidence is rendered harmless when other properly admitted evidence proves the same fact, we cannot conclude the record in this case demonstrates reversible error. *See Brooks v. State,* 990 S.W.2d 278, 287 (Tex. Crim.App.1999) (holding any error in admitting complained-of evidence was harmless in light of other properly admitted evidence proving same fact); *Jones,* 111 S.W.3d. at 604–05 (same). We overrule appellant's first ground of error in cause number 05–04–00041–CR.

INEFFECTIVE ASSISTANCE OF COUNSEL

■ In both appeals, appellant argues he was denied the effective assistance of counsel at trial and that we must therefore reverse his convictions and remand for new trial. According to appellant, these cases originated in the 380th Judicial District Court but were transferred without formal transfer orders. He contends trial counsel was ineffective for failing to file a plea to the jurisdiction in each case. Appellant asserts the failure to file pleas to the jurisdiction in the trial court waived his right to complain on appeal of the lack of formal transfer orders, and that, but for this error, the "result of the proceeding would have been different" in that the cases would have been continued until proper transfer orders were entered.

■ We examine ineffective assistance of counsel claims under well-established standards. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002); *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). In brief, it is appellant's burden to show by a preponderance of the evidence (i) trial counsel's performance was deficient in that it fell below the prevailing professional norms and (ii) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability the result of the proceeding would have been different. *See Mallett v. State,* 65 S.W.3d 59, 62–63 (Tex. Crim.App.2001); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

■ The Texas Code of Criminal Procedure sets forth the organization and duties of the grand jury. *See* TEX.CODE CRIM. PROC. ANN. arts. 19.01–20.22 (Vernon 1977 & Supp.2004–05). The grand jury is impaneled from an array selected either by grand jury commissioners appointed by the district judge or by the district judge "in the same manner as for the selection

and summons of panels for the trial of civil cases in the district courts." Tex.Code Crim. Proc. Ann. arts. 19.01, 19.06 (Vernon Supp.2004–05); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex.Crim.App.1987). Once formed and impaneled by the district judge, the grand jury inquires "into all offenses liable to indictment" and hears all the testimony available before voting on whether to indict the accused. Tex.Code Crim. Proc. Ann. arts. 20.09, 20.19 (Vernon 1977); *Ex parte Edone*, 740 S.W.2d at 448. The grand jury's "deliberations concerning any inquiry into presentment of an indictment are secret," giving it a separate and independent nature from the court in which it is impaneled. *Ex parte Edone*, 740 S.W.2d at 448. Nevertheless, because the court exercises some "supervisory power over the grand jury, whether by impaneling, reassembling, qualifying, quashing subpoenas, or aiding investigations," the grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Dallas County Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex.App.-Dallas 1998, no pet.). After the conclusion of testimony, the grand jury votes "as to the presentment of an indictment." Tex.Code Crim. Proc. Ann. art. 20.19 (Vernon 1977). "[I]f nine members concur in finding the bill," the state's attorney prepares the indictment, the grand jury foreman signs it, and it is delivered to the judge or clerk of the court. Tex.Code Crim. Proc. Ann. arts. 20.19–20.21 (Vernon 1977 & Supp.2004–05). Following presentment, the indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex.Crim. 425, 435, 351 S.W.2d 248, 255 (1961).

■ In counties having two or more district courts, "the judges of the courts may adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." Tex. Gov't Code Ann. § 24.304 (Vernon 2004); *see* Tex. Gov't Code Ann. § 74.093 (Vernon 1998) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, although a specific district court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Tamez v. State*, 27 S.W.3d 668, 675 n. 1 (Tex.App.-Waco 2000, pet. ref'd) (noting that "the judges of the Harris County district courts exercising criminal jurisdiction have adopted a procedure by which indictments are filed in each court on a rotating basis without reference to the court which empaneled the grand jury presenting the indictments.").

Although appellant asserts he was denied the effective assistance of counsel at trial because trial counsel did not file a plea to the jurisdiction in each case, raising the lack of a transfer order from the 380th Judicial District Court, we cannot agree. The record shows the grand jury was impaneled in the 380th Judicial District Court. Following the return of appellant's indictments, the cases were filed in the 219th Judicial District Court. Nothing in the record indicates appellant's cases were originally filed in or appeared on the trial docket of the 380th Judicial District Court. Because the record reflects appellant's cases were first filed in the 219th Judicial District Court, no transfer orders from the 380th Judicial District Court were required. Since no transfer orders were required, trial counsel could not be ineffective for failing to file pleas to the jurisdiction complaining of the lack of transfer orders. *See Thacker v. State*, 999 S.W.2d 56, 67 (Tex.App.-Houston [14th

Dist.] 1999, pet. ref'd) (trial counsel not ineffective for failing to file motion to quash or object to indictment when indictment was legally sufficient). Because appellant failed to establish trial counsel's performance was deficient, we conclude his complaint lacks merit. We overrule this ground of error in both cases.

We affirm the trial court's judgments.