**Affirmed and Opinion Filed May 17, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00287-CR**

**FELIX ANTONIO VALLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F09-54969-K**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellant Felix Valle pleaded guilty to the offense of aggravated assault causing serious bodily injury with a deadly weapon involving family violence. A jury assessed his punishment at thirteen years' imprisonment, and the trial judge signed a judgment imposing that sentence. On appeal, appellant raises one point of error, in which he complains about statements made by the trial judge during voir dire. We affirm.

### I. BACKGROUND

Appellant was indicted for the felony offense of aggravated assault causing serious bodily injury with a deadly weapon involving family violence. He entered a plea of guilty. At trial, the jury was instructed to find appellant guilty, and it did so. After a trial as to punishment, the jury assessed appellant's punishment at thirteen years' imprisonment. It imposed no fine.

This appeal concerns statements by the trial judge during voir dire. During voir dire, the judge explained that the jury would be instructed to consider a possible range of punishment from five to ninety-nine years or life in prison. Then he mentioned that it was possible the appellant would get parole and not serve all of his sentence. Then the judge began to explain community supervision to the venire, which is the part of voir dire that appellant complains about on appeal. This is the pertinent part of the voir dire:

> THE COURT: Now, what would be another exception to the general rule of sentencing will be community supervision or what we commonly know as probation.
>
> [DEFENSE COUNSEL]: I'm sorry, Your Honor. I will have to object to where you said, that's an exception.
>
> THE COURT: Okay. Your exception is noted.
>
> [DEFENSE COUNSEL]: Thank you.
>
> THE COURT: Anyway, an exception to the general rule of punishment would be committing to supervision—
>
> [DEFENSE COUNSEL]: May I further object to the Court's exceptions?
>
> THE COURT: I will give you a running objection.
>
> THE DEFENDANT: Okay.
>
> THE COURT: I will give you a running objection, and it's overruled.

The trial judge then went on to explain the criteria that a person has to meet before the jury can consider community supervision.

The judge signed a judgment imposing a sentence of thirteen years' imprisonment, as found by the jury.

## II. ANALYSIS

In his sole point of error on appeal, appellant asserts that the trial judge erred by misstating the applicable range of punishment and misleading the jury. In his argument, he

contends that community supervision is not an "exception" to the general rule of sentencing, and thus the trial judge erred by instructing the jury otherwise. He further contends that this error prejudiced him "by leading the jury to believe that the default sentence was incarceration, and that more was needed in order for the jury to appropriately assess probation."

We first consider whether appellant preserved error, because "[p]reservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). If an issue has not been preserved for appeal, we should not address its merits. *Id*. To preserve error, a party must not only object but also state the grounds for the objection "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). A general objection suffices to preserve error "only if the legal basis for the objection is *obvious* to the court and to opposing counsel." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (footnote omitted) (emphasis in original). In this case, appellant's objection asserted no legal basis for the objection at all. Nor was the legal basis for the objection obvious from the context. Accordingly, we conclude that appellant failed to preserve error in the trial court, and we overrule his sole point of error.

Even if appellant had preserved error for appeal, we would still overrule his point of error. It is not clear from appellant's brief whether he contends that the trial judge's description of community supervision as an "exception" to the normal range of punishment was legally incorrect, whether he contends that the description improperly nudged the jury so as to discourage the jury from recommending community supervision, or both. Assuming for the sake of argument that the trial judge did err by referring to community supervision as an "exception" to the normal range of punishment, the error was harmless. Immediately after the portion of voir dire quoted above, the trial judge continued as follows:

And so the situation is what? Certain criteria have to be met. Everybody clear before you can get there? So that's going to be the next panel, and I've got those bolded in red.[1] Okay. Now here's the deal. When can someone be considered? When can you consider the issue of community supervision for this type of case? Some exceptions, some criteria, some rules have to be followed. Okay?

A. The person has never been convicted of a felony offense; and B, the sentence imposed does not exceed 10 years confinement in the Texas Department of Criminal Justice; and, C; based on the facts of the case the jury feels that community supervision is the appropriate outcome for the case. Everybody see that? Okay.

The judge's explanation made clear to the jury that it could recommend community supervision if and only if the three criteria were met. Appellant did not object to the trial judge's explanation of the criteria necessary for a recommendation of community supervision, nor does he argue on appeal that those criteria were incorrect. Moreover, those criteria were repeated in the jury instructions as follows:

In this case the defendant has filed, before trial, his sworn motion in which he prays that in the event he is convicted that he be granted community supervision. If the punishment assessed by you is not more than ten years confinement and you further find that he has not ever been convicted of a felony in this or any other state, you may recommend the judge suspend the sentence and place the defendant on community supervision for a period of not less than 5 years nor more than 10 years. In addition you may set a fine not to exceed $10,000, and may recommend whether the fine be probated or not.

Probation must be granted by the court if the jury recommends it in their verdict. If you do not desire to recommend probation you will say nothing about it in your verdict.

Appellant makes no complaint about the jury charge on appeal.

Because the judge explained the actual criteria necessary for a recommendation of community supervision, we conclude that any error in the judge's referring to community supervision as an "exception" did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b) (providing that nonconstitutional error is harmless unless it affected the accused's substantial rights); *Bourque v. State*, 156 S.W.3d 675, 677 (Tex. App.—Dallas 2005, pet. ref'd)

---

[1] The reporter's record indicates that the trial judge was using a computer presentation as an aid during voir dire.

(stating that nonconstitutional error does not affect substantial rights "if, after examining the record as a whole, we have fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict").

Our conclusion that any error was harmless is reinforced by the fact that the jury sentenced appellant to thirteen years' imprisonment, making him ineligible for a recommendation of community supervision. Assuming the judge's description of community supervision as an "exception" was erroneous and could have discouraged the jury from recommending community supervision if appellant had been eligible, we cannot perceive how the error could have influenced the jury's decision to sentence appellant to more than ten years in prison. Thus, again, any error was harmless.

Finally, the undisputed evidence shows this was a deliberate and prolonged event that culminated in a violent stabbing of the complainant in full view of the police. Appellant pleaded guilty to the crime of aggravated assault causing serious bodily injury with a deadly weapon involving family violence. The evidence showed that the victim of the crime was appellant's ex-girlfriend. Appellant called her and told her that he had been in an auto accident, and she went and picked him up to take him to the impound lot. While she was driving, appellant pulled out a knife. After they had driven around for a while, the victim saw what she described as a "sheriff's car," and she stopped. At that point, appellant began stabbing her and yelling, "I'm going to kill you. I'm going to kill you." He stabbed her a total of nine times. Dallas Police Detective Donald Whitsitt testified that he was the policeman who had to stop his vehicle suddenly when the victim stopped her vehicle. Whitsitt got out of his vehicle and approached the victim's car, and he thought the male passenger in the car was punching the driver. When Whitsitt reached the driver's door and opened it, he could see that the victim was covered with blood and that appellant, the male passenger, had a knife. Whitsitt drew his pistol and eventually talked

appellant into dropping his knife.  The victim was taken to the hospital, and appellant was arrested.  Given the undisputed evidence showing that the crime was violent and unprovoked, we conclude that any error committed by the trial judge in describing community supervision as an "exception" to the general sentencing rules was harmless.

### III.  DISPOSITION

For the foregoing reasons, we overrule appellant's single point of error and affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110287F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FELIX ANTONIO VALLE, Appellant

No. 05-11-00287-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F09-54969-K.
Opinion delivered by Justice FitzGerald,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of May, 2013.


            Kerry P. FitzGerald
            KERRY P. FITZGERALD
            JUSTICE