**AFFIRMED; Opinion Filed July 30, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00416-CR**

**No. 05-12-00440-CR**

_____

**JOE LOUIS RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F10-45793-X & F12-00150-X**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

Joe Louis Rodriguez pleaded guilty to robbery and, in a separate case, pleaded guilty to burglary of a habitation. He elected to have the jury set his punishment; the jury sentenced him to 65 years' imprisonment in each case. He appeals both cases, complaining the trial court erred by informing the jury about good conduct time. In his burglary case, he also complains the trial court lacked jurisdiction to hear the case and render judgment. The background and facts of the cases are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The jury was instructed, in part: "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award

of good conduct time." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2012). Rodriguez asserts he was ineligible for good conduct time and he suffered egregious harm because of the trial court's instruction. The State argues the trial court did not err because the charge is required by the code of criminal procedure and binding precedent from the court of criminal appeals.

Rodriguez's argument was rejected by the Texas Court of Criminal Appeals in *Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002). In that case, the court acknowledged that the instruction dictated by the code of criminal procedure may appear to be misleading and inapplicable to some defendants. *Id.* at 363. Nonetheless, it construed article 37.07, section 4(a) of the code of criminal procedure to be an absolute command that the good conduct time instruction be given to the jury. *Id.* Accordingly, a trial court that gives the instruction does not commit error. *Id.* We overrule appellant's first points of error in his robbery and burglary cases.

Rodriguez also argues the trial court lacked jurisdiction to hear the burglary case and render judgment because the case was not transferred to its docket; therefore, the judgment is void. Rodriguez asserts his burglary case was presented to Criminal District Court Number Five of Dallas County, Texas, and jurisdiction vested in that court. The case later appeared on the docket for Criminal District Court Number Six and it remained there through judgment. However, he argues, the record does not show that jurisdiction was transferred by Criminal District Court Number Five to Criminal District Court Number Six.

Although the grand jury that returned the indictment in Rodriguez's burglary case was impaneled by Criminal District Court Number Five, the indictment in the clerk's record shows it originally was filed in Criminal District Court Number Six. There is no indication in the record that the case was filed in Criminal District Court Number Five at any time. The record does not support Rodriguez's contention that jurisdiction ever vested in any court other than Criminal

District Court Number Six. *See, e.g., Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) ("although a specific district court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court."). Criminal District Court Number Six had jurisdiction and a transfer order was not required. We overrule Rodriguez's second issue.

We affirm the trial court's judgment.

/Jim Moseley/

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120416F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE LOUIS RODRIGUEZ, Appellant

No. 05-12-00416-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F10-45793-X.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of July, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE LOUIS RODRIGUEZ, Appellant

No. 05-12-00440-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F12-00150-X.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of July, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE