**Affirmed and Opinion Filed June 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01114-CR

**DEVONTAE KAVAUER MAGBY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-13-60514-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Devontae Kavauer Magby pled guilty to aggravated assault of a child younger than fourteen years of age. The jury found him guilty as instructed by the court and assessed punishment at forty-five years' imprisonment. In two issues on appeal, Magby argues that (i) the trial court lacked jurisdiction because the indictment was returned in one court in the same county and (ii) erred by including the statutorily required parole and good conduct instruction in the jury charge. Concluding that Magby's arguments lack merit, we affirm the trial court's judgment.

### *Did the Trial Court Lack Jurisdiction*?

The indictment in this case was returned in the 203rd District Court but was first filed in the 363rd District Court. The case was heard and the judgment rendered in the 363rd District

Court. Both courts are seated in Dallas County. Magby's first issue argues that the 363rd Court lacked jurisdiction because there is no written transfer order between the two courts.

We have considered and rejected this argument numerous times, and we reject it again. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet ref'd). We thus overrule Magby's first issue.

### *Was the Statutorily Required Instruction Given in Error*?

Magby's second issue argues that the trial court erred by including a good conduct time instruction in the jury charge on punishment. According to Magby, the instruction is misleading and erroneous because he is not eligible for good conduct time.[1] The Court of Criminal Appeals holds otherwise.

In *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002), the court held that Texas Code of Criminal Procedure art. 37.07, § 4(a) requires the trial court to instruct the jury with the statute's precise wording although it may not apply in certain cases. *Id.* Because the legislature mandates giving this instruction, a trial does not err in doing so. *Id.*

We thus conclude that the trial court did not err in giving the required instruction and reject Magby's second issue.

For the above reasons, the trial court's judgment is affirmed.

Do Not Publish
TEX. R. APP. P. 47
141114F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

---

[1] Magby does not explain how the purportedly erroneous charge caused him harm.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEVONTAE KAVAUER MAGBY,
Appellant

No. 05-14-01114-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-13-60514-W.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered June 10, 2015.