**AFFIRM; and Opinion Filed December 11, 2017.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00416-CR

**JOEY MARQUEL HINES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F14-60278-I**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Myers
Opinion by Justice Fillmore

Joey Marquel Hines pleaded guilty to the offense of aggravated assault with a deadly weapon and true to the enhancement paragraph alleged in the indictment. Following the terms of Hines's plea agreement with the State, the trial court deferred adjudicating Hines's guilt, and placed him on community supervision for five years. One of the conditions of Hines's community supervision was that he commit no offense against the laws of Texas, any other state, or the United States.

The State later moved to adjudicate guilt, alleging Hines violated several conditions of his community supervision. At the hearing on the motion to adjudicate, the State focused solely on the allegation that, during the period of community supervision, Hines committed, and was convicted of, the offense of burglary of a building in Robertson County. The trial court found the allegation that Hines committed an offense against the laws of the State of Texas was true,

adjudicated him guilty of aggravated assault with a deadly weapon, and sentenced him to ten years' imprisonment.

In one issue, Hines contends the trial court lacked jurisdiction to hear the case and render a judgment because there was no written order transferring the case to its docket. Hines specifically argues the indictment in this case was originally presented to the 291st Judicial District Court of Dallas County; subsequently, the case appeared on the docket of Criminal District Court No. 2, where it remained through the entry of judgment. No transfer order appears in the record. Therefore, Hines asserts the 291st Judicial District Court retained jurisdiction, and Criminal District Court No. 2 never acquired jurisdiction over this case.

Texas courts have concluded the absence of a transfer order from the record is a procedural error rather than a jurisdictional error. *Mills v. State*, 742 S.W.2d 831, 835 (Tex. App.—Dallas, 1987, no pet.); *Lemasurier v.* State, 91 S.W.3d 897, 899–900 (Tex. App.—Ft. Worth 2002, pet. ref'd).[1] Hines failed to file a formal plea to the jurisdiction with the trial court. Therefore, he failed to preserve this complaint for appeal. *See Mills*, 742 S.W.2d at 835; *Lemasurier*, 91 S.W.3d at 899–900.[2]

Even if Hines had preserved this complaint for appeal, we conclude his argument lacks merit. A grand jury formed and impaneled by a district judge inquires "into all offenses liable to indictment," and hears all the testimony available before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. arts. 20.09, 20.19 (West 2015). Because the court "exercises some 'supervisory power over the grand jury,'" the grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) (quoting *Dallas Cnty. Dist. Attorney v. Doe*, 969

---

[1] *See also Jamison v. State*, No. 05-15-00086-CR, 2016 WL 1725489, at *1 (Tex. App.—Dallas Apr. 27, 2016, per. ref'd) (mem. op., not designated for publication).

[2] *See also Jamison*, 2016 WL 1725489, at *1.

S.W.2d 537, 542 (Tex. App.—Dallas 1998, no pet.)). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19; *Allen v. State*, No. 01-16-00768-CR, 2017 WL 5712602, at *2 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet. h.). Following presentment, an indictment is filed in a court with jurisdiction to hear the case. *See Bourque*, 156 S.W.3d at 678 (citing *Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961)). District judges in counties having two or more district courts "may adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." TEX. GOV'T CODE ANN. § 24.024 (West Supp. 2017); *see also id.* § 74.093 (West Supp. 2017) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by that grand jury are assigned to the impaneling court. *Bourque*, 156 S.W.3d at 678; *Allen*, 2017 WL 5712602, at *3.

While the record shows the 291st Judicial District Court presided over the grand jury that returned the indictment, the case was thereafter filed in Criminal District Court No. 2. We take judicial notice that both of these courts are located in Dallas County. Nothing in the record indicates the case was ever filed in or appeared on the trial docket of the 291st Judicial District Court. Because Criminal District Court No. 2 had jurisdiction to hear Hines's case and render the judgment, we resolve Hines's issue against him.

We affirm the trial court's judgment

        /Robert M. Fillmore/
        ROBERT M. FILLMORE
        JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170416F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOEY MARQUEL HINES, Appellant

No. 05-17-00416-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas,
Trial Court Cause No. F14-60278-I.
Opinion delivered by Justice Fillmore,
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of December, 2017.