**AFFIRMED as MODIFIED and Opinion Filed March 3, 2021**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01570-CR

**JUAN MARTIN PEDROZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1875239-H**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Appellant Juan Martin Pedroza appeals his conviction for murder, challenging as his sole issue that the trial court lacked jurisdiction to render judgment because this case was not properly transferred to its docket. In a cross-point, the State requests that we modify the trial court's judgment to reflect Appellant's place of confinement as "Institutional Division, TDCJ." Based upon well-settled jurisprudence established in this Court, we modify the judgment and affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I.    BACKGROUND

In February 2018, Appellant was arrested for the 2010 murder of then sixteen-year-old Jacob Guerra. On February 16, 2018, Appellant was arraigned by a magistrate assigned to the 292nd Judicial District Court of Dallas County, during which Appellant requested an attorney be appointed to represent him. That request was granted four days later by the Criminal District Court Number One of Dallas County.[1] On March 20, 2018, a grand jury empaneled in the Criminal District Court Number Six of Dallas County returned an indictment against Appellant for murder. The indictment was filed in Criminal District Court Number One. The record contains no order of transfer as between the 292nd District Court, Criminal District Court Number One, or Criminal District Court Number Six.

Appellant waived his right to a jury trial and entered an open plea of guilty. Criminal District Court Number One (hereinafter, the trial court) held a sentencing hearing on December 6, 2019, wherein the trial court accepted Appellant's guilty plea, found Appellant guilty of the crime charged, and made an affirmative deadly weapon finding on the record. At the conclusion of the sentencing hearing, the trial court assessed punishment at 25 years' confinement in the "Institutional Division of the Texas Department of Criminal Justice." The trial court memorialized its ruling in a Judgment of Conviction, entered on December 17, 2019, reflecting Appellant's

---

[1] Appellant later retained counsel for his defense.

place of confinement as "TDCJ, Correctional Institutions Division." This appeal timely followed.

## II.    ANALYSIS

### A.    Jurisdictional Challenge

In his sole issue, Appellant contends that the trial court, Criminal District Court Number One, lacked jurisdiction over this case because Criminal District Court Number Six, which empaneled the grand jury that returned his indictment, did not enter an order of transfer. "When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record." *Keller v. State*, 604 S.W.3d 214, 231 (Tex. App.—Dallas 2020, pet. ref'd) (quoting *Wilson v. State*, No. 05-18-00801-CR, 2019 WL 3491931, at *4 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op., not designated for publication) (citing *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd) and *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.))). Appellant failed to file a plea to the jurisdiction in the trial court and, absent an objection, waived the issue under our long-standing precedent. *Mills*, 742 S.W.2d at 835. Appellant acknowledges that his position on appeal is against current authority.

Even if Appellant's sole issue had been preserved, we would find no error because the record does not show a transfer was necessary. Jurisdiction lies in the court in which the indictment or complaint is first filed. *See* TEX. CODE CRIM. PROC.

ANN. art. 4.16. In large counties with multiple district courts, such as Dallas, the judges of those courts "may adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) (quoting TEX. GOV'T CODE ANN. § 24.304 (now codified at TEX. GOV'T CODE ANN. § 24.024)). The court impaneling a grand jury is not necessarily assigned all cases returned by the grand jury. *Bourque,* 156 S.W.3d at 678. "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12."[2] TEX. CODE CRIM. PROC. ANN. art. 4.16; *Mills,* 742 S.W.2d at 834-35.

The record reflects that although Appellant was indicted by a grand jury empaneled by Criminal District Court Number Six, the indictment was filed, and the case tried, in Criminal District Court Number One. Thus, even if Appellant had preserved his sole issue on appeal, the record reflects no reversible error. *Murphy* v. *State*, No. 05-19-00886-CR, 2020 WL 7396009, at *3 (Tex. App.—Dallas Dec. 17, 2020, no pet. h.) (mem. op., not designated for publication) (transfer order was

---

[2] Article 4.12 is inapplicable here, as it governs jurisdiction over misdemeanors. *See* TEX. CODE CRIM. P. ANN. art. 4.12.

unnecessary where the record reflected that the indictment was first filed in the court in which the case was tried); *Bourque*, 156 S.W.3d at 678.

We overrule Appellant's sole issue.

## B.    Modification of Judgment

In its sole cross-issue, the State requests that we modify the judgment to reflect the correct place of Appellant's confinement. Although the trial court pronounced Appellant's sentence as 25 years confinement in the "Institutional Division of the Texas Department of Criminal Justice," the judgment states, in "Punishment and Place of Confinement," that the sentence is "25 YEARS TDCJ, CORRECTIONAL INSTITUTIONS DIVISION."

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). We have previously exercised this power to correct a judgment to reflect the correct place of confinement in circumstances nearly identical to this case. *See Titus v. State*, No. 05-19-00393-CR, 2020 WL 2988643, at \*2 (Tex. App.—Dallas June 4, 2020, pet. ref'd) (mem. op., not designated for publication).

Therefore, based upon the record, we modify the trial court's judgment to correctly reflect Appellant's place of confinement as "Institutional Division, TDCJ."

As modified, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191570F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JUAN MARTIN PEDROZA,
Appellant

No. 05-19-01570-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1875239-H.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

"Punishment and Place of Confinement: 25 YEARS Institutional
Division, TDCJ."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 3, 2021