**AFFIRMED and Opinion Filed August 23, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00074-CR**
**No. 05-20-00075-CR**
**No. 05-20-00076-CR**
**No. 05-20-00077-CR**

**ROBERTO CANAMARGARZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F18-60209-T, F18-60210-T, F-18-60212-T & F18-60211-T

## MEMORANDUM OPINION
Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

Roberto Canamargarza appeals his convictions for aggravated kidnapping and three aggravated assaults. After appellant pleaded guilty without a plea bargain agreement to all four offenses, the trial court assessed punishment at twenty years in prison for each case, to be served concurrently. On appeal, appellant contends the trial court erred by refusing to consider evidence of his intoxication when assessing punishment and the trial court lacked jurisdiction because these cases were not properly transferred to its docket. We affirm the trial court's judgments.

## Background

On December 24, 2018, after shopping for Christmas presents, appellant returned home where he noticed a car driving by his house. He grabbed his pistol and got in his truck to start "patrolling the area." According to appellant, he saw a yellow corvette and began to follow it. The driver turned the corvette so it was facing appellant in his truck, then did a "360," and pointed a gun at appellant. Believing the driver was trying to kill him, appellant shot through the window at the corvette. Initially, the two vehicles followed each other until appellant took a left turn onto the highway. Appellant's truck began overheating so he pulled over and left his truck on the side of the road. The truck, which was still in gear, went down a hill and through a fence. Thinking people were following him, appellant ran to a bridge and hid for about five minutes.

When he came out from under the bridge, appellant saw a white Expedition approach and decided "to ask him for a ride." While holding his gun, he demanded the driver, Johnny Perry, take him downtown for tacos. Appellant got in the car, and Perry took him to Pedro's Tire Shop where he dropped him off and left. Perry then called 9-1-1.

Dwyland Rodgers was at the shop waiting to get his tires checked. When appellant approached Rodgers' car, Rodgers got out of his car to chat, thinking appellant worked at the shop. Appellant pointed his gun at Rodgers and demanded he take him "to go get some tacos." Although Rodgers said he could not take him

because he needed his tire changed, appellant insisted. Rodgers ran into the tire storeroom and hid behind the tires. When Rodgers later tried to get in his car, appellant reappeared and chased him, shooting Rodgers several times. Appellant was subsequently arrested and charged with aggravated kidnapping and three aggravated assaults.

Appellant pleaded guilty to all four offenses without a plea bargain agreement. Both sides presented evidence regarding punishment. Appellant testified about the events that day, stating his actions were weird, nonsensical, "very crazy," and extremely dangerous. He admitted he could have killed one or more people and that he himself could have been killed. He had no explanation for his actions except for the fact he was high. Appellant testified he used marijuana daily and cocaine one to two times a month, mostly at parties. He began using "dabs" which contained highly concentrated THC about a year prior to the Christmas Eve incident. He used "dabs" about once a week and "actual concentrated THC with a cartridge . . . mostly every day." He admitted he smoked "a lot of weed" the day of the offenses. On cross-examination, he conceded he first smoked marijuana around age ten and smoked on a daily basis beginning when he "got to high school, maybe college." Although he said he would take any help offered him with respect to drug treatment, he did not believe he had a drug problem. Likewise, he did not believe he had any mental health issues.

Dr. Kristi Compton testified she reviewed appellant's jail records and believed appellant was psychotic and manic at the time of the incidents. However, when she interviewed him in August of 2019, his psychosis was clear with no signs of mania or severe mood instability. Compton attributed this to the fact appellant had not used drugs while in jail. Nevertheless, Compton testified she was not able to conclude appellant was insane at the time of the incidents because his mental state "was more likely than not drug induced. And the statute clearly states that voluntary ingestion of substances, if it causes a psychosis, does not meet legal criteria." Compton suspected appellant did not have any underlying mental illness because "substance-induced mental illness generally clears in four to six weeks." She also testified that appellant's risk assessment reflected a low recidivism rate if he remained sober. While in jail, appellant was prescribed and took his psychotropic medications although there were times he refused his medications.

The probation department conducted a pre-sentence interview and evaluated appellant as a high risk. The PSI report also showed appellant had no remorse, took no responsibility, and blamed others for events that day. Jail recordings revealed appellant discussed printing and selling T-shirts with the phrase "Where's the tacos at?"

After hearing this and other evidence, the trial court assessed punishment at twenty years in prison for each offense, to be served concurrently.

**Jurisdiction**

–4–

In his second issue, appellant contends the 283rd Judicial District Court lacked jurisdiction over this case because Criminal District Court No. 6, which empaneled the grand jury that returned his indictments, did not enter an order of transfer. "When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record." *Keller v. State*, 604 S.W.3d 214, 231 (Tex. App.—Dallas 2020, pet. ref'd); *see also Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.). Appellant failed to file a plea to the jurisdiction in the trial court and, absent an objection, waived the issue. *Mills*, 742 S.W.2d at 835. Appellant acknowledges as much in his brief.

Furthermore, even if appellant had preserved this issue, we would find no error because the record does not show a transfer was necessary. Jurisdiction lies in the court in which the indictment or complaint is first filed. *See* TEX. CODE CRIM. PROC. ANN. art. 4.16. In large counties with multiple district courts, such as Dallas, the judges of those courts "may adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). The court impaneling a grand jury is not necessarily assigned all cases returned by the grand jury. *Bourque*, 156 S.W.3d at 678. "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except

as provided in Article 4.12." TEX. CODE CRIM. PROC. ANN. art. 4.16; *Mills*, 742 S.W.2d at 834–35.

The record reflects that although appellant was indicted by a grand jury empaneled by Criminal District Court No. 6, the indictment was filed, and the case tried, in the 283rd Judicial District Court. Thus, even if appellant had preserved this issue on appeal, the record reflects no error. *Bourque*, 156 S.W.3d at 678.

We overrule appellant's second issue.

### Evidence of Voluntary Intoxication during Punishment Phase

In his first issue, appellant argues the trial court erred by not considering evidence of appellant's intoxication when assessing punishment. At the conclusion of the hearing, the trial court stated:

> Okay. You know, I - - you know this is a really disheartening case when I look at your family that's sitting out there. All of this was so unnecessary. You know, I think this drug thing has gotten out of control, not just in Dallas, in this entire country.
> The problem this causes is that *I can't take into consideration the behavior of somebody who has voluntarily introduced drugs into their system when it comes to the sentencing, and I'm not going to*.

(Emphasis ours.) Appellant assigns this as "reversible error," arguing that "temporary insanity" may have been raised and "the trier of fact was required to consider it in making the sentencing decision."

The trial court has wide latitude to determine the appropriate sentence in each case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). "We cannot step into the shoes of the trial court judge and substitute our judgment for hers unless that

–6–

judge has clearly abused her discretion." *Id*. We may not disturb a trial court's decision on an issue within its discretion unless the decision was arbitrary or unreasonable and was outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A trial court denies a defendant due process during the punishment phase if the court arbitrarily refuses to consider the entire range of punishment or any mitigating evidence and imposes a predetermined sentence. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Ex parte Brown*, 158 S.W.3d 449, 456–57 (Tex. Crim. App. 2005). Without a clear showing of bias, however, we presume a trial court was neutral and detached. *See Tapia*, 462 S.W.3d at 44; *Brumit*, 206 S.W.3d at 645.

Insanity is an affirmative defense to prosecution that, at the time of the offense, the actor, as a result of mental disease or defect, did not know that his conduct was wrong. TEX. PENAL CODE ANN. § 8.01. Voluntary intoxication is not a defense to the commission of an offense. *See id.* § 8.04(a). However, evidence of "temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried." *Id.* § 8.04(b).

In these cases, evidence was admitted, and no one disputes, that appellant was intoxicated when he committed the offenses; however, nothing established appellant was "temporarily insane" at the time by virtue of his intoxication. In fact, appellant's expert testified she was "not able to conclude he was insane at the time of the incidents." And appellant did not testify that his intoxication made him unaware his actions were wrong. *See Cordova v. State*, 733 S.W.2d 175, 190 (Tex. Crim. App. 1987); *Hart v. State*, 537 S.W.2d 21, 24 (Tex. Crim. App. 1976). Finally, we note that, during closing, appellant argued he was a nonviolent person who "did a violent thing in the span of about 20 minutes" due to his synthetic THC use. He did not argue he was temporarily insane by virtue of his intoxication or that he was unaware his actions were wrong. *See Cordova*, 733 S.W.2d at 190 (evidence that defendant was intoxicated or "crazy drunk" when he committed the crime does not automatically mean he was then temporarily insane by reason of voluntarily ingesting intoxicating substance). Without specific evidence linking appellant's intoxication to temporary insanity, we cannot conclude the trial court's failure to consider voluntary intoxication was error.

And even assuming the trial court *should* have considered the evidence, we cannot conclude appellant was harmed because the court stated it *would* not consider the evidence. *See* TEX. R. APP. P. 44.2(b). During a bench trial, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). We may

–8–

not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *see Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). By stating it would not consider the evidence, the trial court could have determined the evidence was not credible. We overrule appellant's first issue.

We affirm the trial court's judgment. !

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200074F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ROBERTO CANAMARGARZA,
Appellant

No. 05-20-00074-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-60209-T.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered August 23, 2021



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO CANAMARGARZA,
Appellant

No. 05-20-00075-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-60210-T.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered August 23, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO CANAMARGARZA,
Appellant

No. 05-20-00076-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-60212-T.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered August 23, 2021



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ROBERTO CANAMARGARZA,
Appellant

No. 05-20-00077-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-60211-T.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 23, 2021